Timothy J. Preso (Montana Bar No. 5255)
Earthjustice
313 East Main Street
Bozeman, MT 59715
tpreso@earthjustice.org
Fax: (406) 586-9695
Phone: (406) 586-9699

Heidi McIntosh (Utah Bar No. 6277)
Earthjustice
633 17th Street, Suite 1600
Denver, CO 80202
hmcintosh@earthjustice.org
Fax: (303) 623-8083
Phone: (303) 623-9466

*Attorneys for Plaintiffs Center for Biological
Diversity and Defenders of Wildlife*

Andrea Santarsiere (Idaho Bar No. 8818)
Center for Biological Diversity
P.O. Box 469
Victor, ID 83455
asantarsiere@biologicaldiversity.org
Phone: (303) 854-7748

*Attorney for Plaintiff Center for Biological Diversity*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity; Defenders of Wildlife,<br><br>   Plaintiffs,<br><br>vs.<br><br>Ryan Zinke, Secretary of the Interior; United States Fish and Wildlife Service,<br><br>   Defendants. | No. 15-cv-00019-TUC-JGZ (lead);<br>No. 15-cv-00179-TUC-JGZ (c);<br>No. 15-cv-00285-TUC-JGZ (c).<br><br>**MOTION TO TRANSFER No. 18-cv-00047-TUC-JAS (BGM)** |

I.     **Introduction**

Pursuant to Local Civil Rule 42.1, plaintiffs Center for Biological Diversity and Defenders of Wildlife in case No. 15-cv-00019-TUC-JGZ hereby respectfully move to transfer their recently filed case, Center for Biological Diversity, et al. v. Ryan Zinke, et al., No. 18-cv-00047-TUC-JAS (BGM) ("Mexican Wolf Recovery Plan Case"), to the Honorable Judge Jennifer G. Zipps.

The case proposed for transfer challenges the U.S. Fish and Wildlife Service's November 2017 recovery plan for the Mexican gray wolf, and is related to three consolidated cases challenging the Service's rule governing the Mexican gray wolf experimental population currently pending before Judge Zipps: Center for Biological Diversity, et al. v. Sally Jewell, et al., No. 15-cv-00019-TUC-JGZ; WildEarth Guardians, et al., v. Daniel Ashe, et al., No. 15-cv-00285-TUC-JGZ; and Arizona and New Mexico Coalition of Counties for Economic Growth, et al. v. United States Fish and Wildlife Service, et al., No. 15-cv-00179-TUC-JGZ, as well as a fourth case pending before Judge Zipps that also challenges the same rule but has not been consolidated: Safari Club International v. Sally Jewell, et al., No. 16-cv-00094-TUC-JGZ (the "Mexican Wolf 10(j) Rule Cases"). The Mexican Wolf Recovery Plan Case and Mexican Wolf 10(j) Rule Cases share substantially similar facts, law, and parties, and it is in the interest of judicial economy for them to be heard in front of Judge Zipps, who is familiar with the issues involved in the cases.

1

Plaintiffs have contacted counsel for the other parties regarding the relief requested in this motion. Counsel for Federal Defendants advised that they will reserve their position pending a review of this motion. Plaintiffs did not receive a response from defendant-intervenors before filing this motion.

**II.     Background**

The Mexican gray wolf (Canis lupus baileyi) is one of the most imperiled mammals in North America and has been listed as an endangered species under the Endangered Species Act ("ESA") since 1976. Like wolves elsewhere across the United States, this subspecies of wolf of the American Southwest and Mexico was driven to near extinction as a result of government predator killing in the early to mid-20th century. The species was reduced to only seven individuals in captivity before a captive breeding program allowed the Fish and Wildlife Service to begin reintroducing Mexican gray wolves into the wild as an experimental population under the ESA in 1998. Nevertheless, as of 2017, only 114 wolves could be counted in the wild in the United States in a single, genetically-depressed population in a small area of eastern Arizona and western New Mexico. Wolf numbers in the reintroduced population remain far below the numbers that experts recommend as necessary to ensure the wolf's survival and successful recovery, and the genetic status of the U.S. wild population has deteriorated markedly since reintroduction 20 years ago.

The Fish and Wildlife Service is tasked with ensuring the conservation and survival of the Mexican gray wolf under the ESA. Over the past four years, the agency's

actions and inaction with respect to Mexican wolf management have generated substantial litigation before this Court.

In 2014, plaintiffs Center for Biological Diversity and Defenders of Wildlife, joined by the Endangered Wolf Center, David R. Parsons, and the Wolf Conservation Center, filed suit against the Secretary of Interior and the Fish and Wildlife Service for failing to prepare a recovery plan for the Mexican gray wolf. That case, Defenders of Wildlife v. Jewell, No. 14-cv-02472-TUC-JGZ, was initially assigned to Judge Zapata.

Beginning in January 2015, the Mexican Wolf 10(j) Rule Cases were filed in this Court, where they were assigned to Judge Zipps. Following those filings, Judge Zapata reassigned the then-pending case challenging the lack of a recovery plan, No. 14-cv-2472-TUC-JGZ, to Judge Zipps pursuant to Local Civil Rule 42.1(e)(1) and (2). See Order, Defs. of Wildlife v. Jewell, No. 14-cv-02472-TUC-JGZ (D. Ariz. July 13, 2015) (ECF No. 30) (attached). Thereafter, as a result of a settlement negotiated to resolve that recovery plan lawsuit and approved by Judge Zipps in 2016, the Service agreed to prepare a recovery plan for the Mexican wolf by November 2017. Defs. of Wildlife v. Jewell, No. 14-cv-02472-TUC-JGZ, 2016 WL 7852469 (D. Ariz. Oct. 18, 2016).

The Mexican Wolf 10(j) Rule Cases remain pending before Judge Zipps. These cases challenge the Fish and Wildlife Service's January 16, 2015, revised rule, promulgated under section 10(j) of the ESA, 16 U.S.C. § 1539(j), governing the management of the Mexican gray wolf as an experimental population and an associated ESA section 10(a)(1)(A) research and recovery permit. In case No. 15-cv-00019-TUC-

JGZ, plaintiffs Center for Biological Diversity and Defenders of Wildlife challenge the rule's imposition of limitations on both the size of the experimental population and the geographic range of the Mexican gray wolf and assert that these limitations conflict with the best available scientific information on wolf survival and recovery. Plaintiffs allege that the 10(a)(1)(A) permit would unlawfully implement the rule's geographic restriction, authorizing the removal of Mexican gray wolves that stray outside an administrative boundary, and that the revised rule also unlawfully loosens provisions governing the removal or killing of Mexican gray wolves, which would both depress wolf numbers and threaten genetic diversity.

As adjudication of the Mexican Wolf 10(j) Rule Cases has proceeded, the Fish and Wildlife Service has moved forward with the recovery planning process required by the 2016 settlement agreement in case No. 14-cv-02472-TUC-JGZ. On November 29, 2017, the Fish and Wildlife Service issued its Final Mexican Wolf Recovery Plan. Because the Plan fails to comply with the Endangered Species Act's requirements for recovery plans, plaintiffs Center for Biological Diversity and Defenders of Wildlife, joined by the Endangered Wolf Center, David R. Parsons, and the Wolf Conservation Center, filed the Mexican Wolf Recovery Plan Case on January 30, 2018. <u>Center for Biological Diversity, et al. v. Ryan Zinke, et al.</u>, No. 18-cv-00047-TUC-JAS. Plaintiffs allege that the recovery plan—like the 10(j) rule—arbitrarily and unlawfully sets population and geographic management targets that are inadequate to ensure the wolf's conservation and survival and defy the best available scientific information. This case has been assigned to Judge

Soto, who has referred the case to Magistrate Judge Macdonald for pretrial proceedings and a report and recommendation.[1]

### III. Argument

Plaintiffs' Mexican Wolf Recovery Plan Case should be reassigned to Judge Zipps. Local Civil Rule 42.1 provides that a party may file a motion to transfer cases pending before different judges to a single judge on the grounds that the cases:

> (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

LRCiv 42.1(a). Each of these factors provides an independently sufficient basis for moving to transfer a case. See, e.g., Smith v. Sperling, No. 11-cv-00722-PHX-PGR, 2011 WL 4101508, at *1 (D. Ariz. Sept. 14, 2011). If a motion to transfer a case is granted, assignment to a judge is based on:

> (1) whether substantive matters have been considered in a case; (2) which Judge has the most familiarity with the issues involved in the cases; (3) whether a case is reasonably viewed as the lead or principal case; or (4) any other factor serving the interest of judicial economy.

LRCiv 42.1(d).

---

[1] Separately, another group of plaintiffs, WildEarth Guardians and Western Watersheds Project, independently filed their own complaint challenging the Mexican wolf recovery plan on January 30, similarly alleging that the recovery plan fails to comply with the ESA. WildEarth Guardians, et al. v. Ryan Zinke, et al., No. 18-cv-00048-TUC-RCC. Their case has been assigned to Chief Judge Collins. Thus, there are two separate challenges to the Mexican Wolf Recovery Plan pending before two different judges of this Court in addition to the Mexican Wolf 10(j) Rule Cases pending before Judge Zipps.

Here, this Court has already determined that application of this rule supports adjudication of Mexican wolf recovery planning issues and 10(j) issues before the same district judge. As discussed, Judge Zapata in 2015 voluntarily transferred the plaintiffs' case challenging the Fish and Wildlife Service's failure to prepare a Mexican wolf recovery plan to Judge Zipps following the assignment of the Mexican Wolf 10(j) Rule Cases to Judge Zipps. See Order, Defs. of Wildlife v. Jewell, No. 14-cv-02472-TUC-JGZ (D. Ariz. July 13, 2015) (ECF No. 30) (attached). Parallel circumstances support an identical result under Rule 42.1 here.

First, the Mexican Wolf Recovery Plan Case shares substantial factual underpinnings with the Mexican Wolf 10(j) Rule Cases now pending before Judge Zipps. Both the Mexican Wolf Recovery Plan Case and the Mexican Wolf 10(j) Rule Cases involve the same factual circumstances concerning the status, survival, and recovery of the Mexican wolf, and both challenge the Fish and Wildlife Service's management of the Mexican wolf. Both raise similar questions concerning the application of the best available scientific information concerning Mexican wolf survival and recovery. Thus, many of the factual underpinnings of the cases are the same, satisfying Local Civil Rule 42.1(a)(1). See, e.g., Smith, 2011 WL 4101508, at *3 (transferring a case under Rule 42.1(a)(1) that was based on "substantially the same facts" as another case).

Second, the cases "involve substantially the same parties," satisfying Local Civil Rule 42.1(a)(2). The defendants in both sets of cases are substantially similar, as the Fish and Wildlife Service and Secretary of Interior are defendants in both the Mexican Wolf

10(j) Rule Cases and Mexican Wolf Recovery Plan Case. The plaintiffs in the two sets of cases also share substantial overlap: Center for Biological Diversity and Defenders of Wildlife have challenged both the 10(j) rule in case No. 15-cv-00019-TUC-JGZ and the recovery plan in case No. 18-cv-00047-TUC-JAS (BGM).

Third, the Mexican Wolf 10(j) Rule Cases and the Mexican Wolf Recovery Plan Case call for determination of substantially overlapping questions of law concerning whether the Fish and Wildlife Service has complied with the Endangered Species Act in its management of the Mexican gray wolf. Although the Mexican Wolf 10(j) Rule Cases and the Mexican Wolf Recovery Plan Case challenge separate actions and implicate separate requirements of the Endangered Species Act, "exactness" of legal claims "is not the standard." Parra v. Bashas' Inc., No. 02-cv-00591-PHX-RCB, 2009 WL 1024615, at *5 (D. Ariz. Apr. 15, 2009). Rather, even when the legal issues "may vary somewhat," Local Civil Rule 42.1(a)(4) promotes transfer when there is similarity in the claims. Id. That similarity exists here, where the overarching statutory framework is the same in both sets of cases, and where in both sets of cases plaintiffs allege that the Fish and Wildlife Service has breached its fundamental duty to provide for the survival and recovery of the endangered Mexican gray wolf. Compare, e.g., Amended Complaint, Center for Biological Diversity, et al. v. Sally Jewell, et al., No. 15-cv-00019-TUC-JGZ, ¶¶ 113-16 (ECF No. 19) (plaintiffs' 10(j) case alleging that the Fish and Wildlife Service failed to provide for the Mexican gray wolf's recovery) with Complaint, Center for Biological Diversity, et al. v. Ryan Zinke, et al., No. 18-cv-00047-TUC-JAS (BGM) ¶¶ 2, 74 (ECF

No. 1) (Mexican Wolf Recovery Plan Case alleging that the Fish and Wildlife Service failed to provide for the Mexican gray wolf's recovery). Indeed, both cases present questions about the Fish and Wildlife Service's compliance with the Endangered Species Act when imposing population limits and geographic restrictions on the scope of Mexican wolf recovery. Compare, e.g., Amended Complaint, Center for Biological Diversity, et al. v. Sally Jewell, et al., No. 15-cv-00019-TUC-JGZ, ¶¶ 40-74, 89-108 (ECF No. 19) (10(j) case) with Complaint, Center for Biological Diversity, et al. v. Ryan Zinke, et al., No. 18-cv-00047-TUC-JAS (BGM) ¶¶ 31-66 (ECF No. 1) (Mexican Wolf Recovery Plan Case). The cases thus satisfy Local Civil Rule 42.1(a)(4).

    Finally, and most importantly, the Mexican Wolf Recovery Plan Case should be transferred to Judge Zipps because of the substantial duplication of labor that would be avoided by transfer. Judge Zipps has already presided over the Mexican Wolf 10(j) Rule Cases for the past three years. In addition, Judge Zipps presided over Defenders of Wildlife v. Jewell, No. 14-cv-02472-TUC-JGZ, which challenged the Fish and Wildlife Service's initial failure to prepare a recovery plan and which was transferred to Judge Zipps pursuant to Local Civil Rule 42.1 based on the same considerations raised by this motion. Judge Zipps therefore "has the most familiarity with the issues involved in the cases," including the legal and factual issues regarding Mexican gray wolf recovery planning. LRCiv 42.1(d). In contrast, because the Mexican Wolf Recovery Plan Case was filed only recently and is in its earliest stage, neither Judge Soto nor Magistrate Judge Macdonald has yet considered any substantive matters. Thus, the interest of judicial

economy would best be served by transferring the case to Judge Zipps under Local Civil Rule 42.1(a)(5) and (d). See Parra, 2009 WL 1024615, at *6 (finding that transfer of case to judge who had heard earlier, related matter was in the interest of judicial economy when judge initially assigned to the case had issued only scheduling orders and had yet to consider any substantive matters).

## IV.   Conclusion

For the forgoing reasons, this Court should transfer Center for Biological Diversity, et al. v. Ryan Zinke, et al., No. 18-cv-00047-TUC-JAS (BGM) to the Honorable Judge Jennifer G. Zipps.

DATED March 2, 2018

                                                       s/ Timothy J. Preso
Timothy J. Preso (Montana Bar No. 5255)
Earthjustice
313 East Main Street
Bozeman, MT  59715
tpreso@earthjustice.org
Fax: (406) 586-9695
Phone: (406) 586-9699

Heidi McIntosh (Utah Bar No. 6277)
Earthjustice
633 17th Street, Suite 1600
Denver, CO  80202
hmcintosh@earthjustice.org
Fax: (303) 623-8083
Phone: (303) 623-9466

*Attorneys for Plaintiffs Center for Biological Diversity and Defenders of Wildlife*

                                  Andrea Santarsiere (Idaho Bar No. 8818)
Center for Biological Diversity
P.O. Box 469
Victor, ID  83455
asantarsiere@biologicaldiversity.org
Phone: (303) 854-7748

*Attorney for Plaintiff Center for Biological Diversity*

## CERTIFICATE OF SERVICE

    I hereby certify that on March 2, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System, which caused all ECF registered counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

                                                s/ Timothy J. Preso
                                                Timothy J. Preso