# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Sally Jewell, et al.,<br><br>　　　　　Defendants. | No. CV-15-00019-TUC-JGZ<br><br>**ORDER** |
| Center for Biological Diversity, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Ryan Zinke, et al.,<br><br>　　　　　Defendants. | No. CV-18-00047-TUC-JAS (BGM)<br><br>**ORDER** |

　　　　Before the Court is Plaintiffs Center for Biological Diversity and Defenders of Wildlife's Motion to Transfer case number CV-18-00047-TUC-JAS (BGM), currently assigned to the Honorable James A. Soto, to the Honorable Jennifer G. Zipps (Doc. 191). Federal Defendants responded on March 16, 2018. (Doc. 192.)   Plaintiffs replied on March 23, 2018. (Doc. 194.)

## I. BACKGROUND

　　Plaintiffs assert that the case pending before Judge Soto is substantially related in facts, law, and parties to three consolidated cases and one related case pending before this

Court,[1] as well as to an earlier case litigated before the Court.[2] (Doc. 191.) Federal Defendants take no position, although they assert that the transfer will not result in significant efficiencies because the pending case challenges different rules and recovery plans than those involved in case no. CV-15-00019. (Doc. 192 at 1-2.)

## II. DISCUSSION

"District court judges have 'broad discretion' regarding the assignment or reassignment of cases." *Badea v. Cox*, 931 F.2d 573, 575 (9th Cir. 1991) (quoting *United States v. Gray*, 876 F.2d 1411, 1414 (9th Cir. 1989)). Local Civil Rule 42.1 provides that a party may file a motion to transfer cases pending before different judges to a single judge if the cases (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different judges. LRCiv. 42.1(a). Each factor provides an independently sufficient basis for transfer. *See Smith v. Sperling*, 2011 WL 4101508 (D. Ariz. Sept. 14, 2011).

The case at issue here arises from substantially similar facts, parties, and transactions or events as cases previously argued before this Court. Case number CV-15-00019-JGZ, which involves the Mexican Wolf 10(j) Rule, shares substantially similar underlying facts and parties. Case number CV-18-00047 challenges the November 2017 Recovery plan, which arose from the settlement of an earlier case before this Court.[3] Given the Court's familiarity with the background facts and disputes, the Court concludes it is in the interest of judicial economy to grant the Motion to Transfer.

THEREFORE IT IS ORDERED THAT Plaintiffs' Motion to Transfer case (Doc. 191) is GRANTED.

//

---

[1] The consolidated cases are filed under lead case number CV-15-00019-JGZ and related case number CV-16-00094-TUC-JGZ.

[2] No. 4:14-cv-02472-TUC-JGZ, 2016 WL 7852469 (D. Ariz. Oct. 18, 2016).

[3] No. 4:14-cv-02472-TUC-JGZ, 2016 WL 7852469 (D. Ariz. Oct. 18, 2016).

IT IS FURTHER ORDERED THAT case no. CV-18-00047-JAS (BGM) is transferred and reassigned to the Honorable Jennifer G. Zipps pursuant to LRCiv. 42.1. The parties are advised that all future filings must bear the following case number: 4:18-cv-00047-JGZ.

Dated this 10th day of April, 2018.

_____
Honorable Jennifer G. Zipps
United States District Judge